**STULL v. EWING.**

United States District Court
S. D. New York.

May 18, 1950.

---

4. The law of Pennsylvania is in accord. See Pennsylvania annotations to above sections.

Richard J. Stull, New York City, for plaintiff.

H. G. Morison, Asst. Atty. Gen., Irving H. Saypol, U. S. Atty., Clarke S. Ryan, Asst. U. S. Atty., New York City (Edward H. Hickey, Special Asst. to the Atty. Gen., Joseph B. McGrath, Atty. Department of Justice, Leonard B. Zeisler, Atty. Federal Sec. Agency, Washington, D. C., of counsel), for defendant.

RIFKIND, District Judge.

In this action, brought to review a final decision of the Federal Security Administrator denying plaintiff's claim for widow's insurance benefits under Sec. 202(d) of the Social Security Act, 42 U.S.C.A. § 402(d), plaintiff has moved for an order striking the depositions of two witnesses taken on July 13, 1949 from the certified copy of the transcript of the record made before the Federal Security Administrator and annexed to the answer. Defendant on his part has moved for summary judgment.

I. Plaintiff's Motion to Strike.

Plaintiff moves to have stricken from the transcript of the record annexed to the answer, the depositions of Irvin J. Shrager and of Walter Kruesi, both taken on July 13, 1949. The ground upon which this motion is based is that the depositions were taken by the defendant administratively, *ex parte,* at a time when defendant was in default in answering.

The examination of these two witnesses was had before Joseph E. McElvain, chairman of the Appeals Council.[1] I therefore agree with the plaintiff that these witnesses were examined administratively. I do not see how we can call it *ex parte,* since it is clear that the plaintiff received ample notice of these examinations and that plaintiff's attorney agreed to the time and place of holding it. That he chose not to attend the examination does not make it *ex parte.*

Nor is it entirely correct to say that defendant was then in default in answering. At any rate the Administrator's power to act had not yet been terminated. The case had been remanded and no court order terminating the remand had been issued.

The record in fact shows the condition of the pleadings to be as follows: On March 22, 1949, before the defendant's answer was due, the court made an order remanding this matter to the Federal Security Administrator for further action by the Administrator. Such action by the court was authorized by Title 42, U.S.C.A. § 405.[2] For reasons best known to himself, plaintiff's attorney filed a stipulation signed only by himself but not by defendant, ex-

---

1. The Appeals Council is a unit in the Federal Security Agency which is authorized by the Federal Security Administrator to render final decisions on claims under the Old-Age and Survivors Insurance Benefits provisions of the Social Security Act.

2. Note that "Board" was changed to "Administrator" by the 1946 Reorganization Plan No. 2, (Sec. 4), 11 Federal Register 7873, 60 Stat. 1095.

tending defendant's time to answer to June 28th. The order of remand itself, however, unquestionably automatically extended the defendant's time to answer, at least for a reasonable time. Be that as it may, on June 28th the defendant filed an answer which did not comply with 42 U.S.C.A. § 405 because there was not annexed to the answer a copy of the transcript of the administrative record upon which the plaintiff's application for insurance benefits had been denied. Defendant realized its error promptly and moved for leave to withdraw that answer. That motion was granted on July 12th, although the order formalizing that decision was not signed until July 19th.

Believing that defendant was then in default, plaintiff made a motion for judgment. That motion was denied by an order made on July 29, 1949. On August 5, 1949, the court made another order allowing the defendant to file its answer on or before September 15, 1949.

■ On the argument I gathered the impression that it was plaintiff's contention that upon a remand the defendant was not privileged to take additional testimony unless the court so ordered. This contention is apparently based upon a misreading of the langauge of 42 U.S.C.A. § 405(g). That section reads in part "The court shall, on motion of the Board made before it files its answer, remand * * * to the Board for further action by the Board, and may, at any time, on good cause shown, order additional evidence to be taken before the Board. * * *" I construe this language to mean that after remand the Administrator may, on his own motion, take evidence, that being part of "further action" which he is authorized to take. In addition, at any time, before or after answer and on plaintiff's or defendant's motion, the court may order the Administrator to take additional evidence.

■ This matter having been remanded to the Administrator by order of the court, the remand not having been revoked, the Administrator was free on July 13th to take the testimony of Shrager and Kruesi. The evidence so received is properly part of the transcript.

The motion to strike it from the transcript is denied.

## II. Defendant's Motion for Summary Judgment.

The following short chronology will be helpful in understanding the facts of the case and the disposition of the motion for summary judgment. The wage earner, through whom plaintiff claims insurance benefits, died on October 1, 1941. Thereafter, plaintiff, not yet having reached the age of 65, filed an application for a lump sum widow's claim. That claim was rejected on December 16, 1941 for the reason that in her application she claimed that the wage earner had been employed to August 30, 1938 and therefore the wage earner did not have sufficient coverage to warrant the payment. On February 6, 1942, plaintiff asked reconsideration of the denial of her claim and presented evidence showing receipt of wages by the wage earner to December 31, 1939. Receipt of wages to this date would have given the wage earner sufficient coverage. On April 8, 1942, the Social Security Board granted her application, awarded her $124.20 and advised her that at age 65 she may become eligible to apply for a monthly insurance benefit of $15.53. On December 29, 1943, the Administrator made a determination that the payment of $124.20 had been made in error, that the wage earner was not fully insured at the time of his death and that the entries which showed nine rather than seven quarters of coverage were procured by false representations. On June 27, 1946 plaintiff filed a claim for a widow's insurance benefits. On July 23, 1946 the claim was denied. On September 26, 1946, plaintiff requested a hearing. Hearings were held and on August 21, 1947, the referee made findings disallowing the claim. On September 10, 1947, plaintiff requested review of these findings by the Appeals Council. On February 17th and July 28th further testimony was taken and on September 29th, 1948, the Appeals Council affirmed the decision of the referee. On January 26th, 1949, this action was commenced.

It is undisputed that plaintiff is the widow of a deceased wage earner and that she is entitled to insurance benefits, provided the

wage earner was fully insured at the time of his death. The issue of fact, therefore, revolves about the question whether he was fully insured—whether he had nine quarters of coverage. This in turn boils down to the question whether after October 1, 1938 he had been paid wages of at least $50 in each of two calendar quarters.

■ It is unnecessary to recite the conflicting evidence upon that issue. It suffices to say that a sharp issue of fact, largely determinable by credibility was presented. The administrative finding is supported by substantial evidence. Such a finding is by the statute made conclusive. 42 U.S.C.A. § 405(g).

That would conclude the matter but for one additional issue. The statute prescribes that, "After the expiration of the fourth calendar year following any year in which wages were paid or are alleged to have been paid an individual, the records of the Board as to the wages of such individual for such year and the periods of payment shall be conclusive for the purposes of sections 401–409 of this title, except as hereafter provided." 42 U.S.C.A. § 405(c) (2). Correction of wage records prior to the expiration of the fourth calendar year is provided for in the very next section of the statute: "(3) If, prior to the expiration of such fourth year, it is brought to the attention of the Board that any entry of such wages in such records is erroneous, or that any item of such wages has been omitted from the records, the Board may correct such entry or include such omitted item in its records, as the case may be. Written notice of any revision of any such entry, which is adverse to the interests of any in-

dividual, shall be given to such individual, in any case where such individual has previously been notified by the Board of the amount of wages and of the period of payments shown by such entry. Upon request in writing made prior to the expiration of such fourth year, or within sixty days thereafter, the Board shall afford any individual, or after his death shall afford the wife, child, or parent of such individual, reasonable notice and opportunity for hearing with respect to any entry or alleged omission of wages of such individual in such records, or any revision of any such entry. * * *" 42 U.S.C.A. § 405(c) (3).

■ The records of the Administrator had been revised to show the receipt of wages by the wage earner in 1939. Such records, therefore, under Sec. 405(c) (2) became conclusive by January 1, 1944 unless action was taken, under subdivision Sec. 405(c) (3), prior to the expiration of such fourth year.

I think such action was taken. On December 29, 1943 and therefore prior to the expiration of the fourth year, the Administrator made a determination that the wage earner had only seven quarters of coverage and that the additional coverage previously established was procured by fraud. I have not found in the certified record evidence that the wage entries were in fact revised or corrected but I do not see why that is crucial. A written determination that the prior records showed only seven quarters of coverage and not nine seems to me to be a wage record exactly in the same manner as if the figures were actually inserted upon a table.[3] On January 20th, 1944 a letter was sent to the widow which was sufficient

3. If an employee were relying on such memorandum in his favor, would we hear the Administrator if he tried to rely on the conclusiveness of the "tables"?

The defendant also argues that regardless of whether action was taken prior to January 1, 1944 the record is not conclusive by reason of the application of a rule of construction which the Administrator had adopted. The defendant argues that on November 30, 1943 the Social Security Board adopted the following minute construing 42 U.S.C.A. § 405(c) (3):

"If there is in the records and files of the Board within the four-year period such information as would put a reasonable person on inquiry and such inquiry when pursued would disclose the error in the wage record and would lead to a correct determination, the wage record may be revised at any time under Section 205(c) (3) even after the expiration of the four-year period."

On March 11, 1948, the Social Security Administration regulations were amended so as to incorporate such a construction.

notice under the statute. The statute does not specify how soon such notice is to be given and presumably should be given within a reasonable time. That was done.

Plaintiff also complains that the certified transcript of the record omits some items which she asserts ought to be there and includes some others which she contends ought not to be there. I agree with the defendant's construction of the statute that the certified transcript of the record should contain the evidence produced at the hearing. It does not require the production of the entire administrative file. It has not been called to my attention by the plaintiff that any matter adduced at the hearing was omitted or that it includes any matter which was not so adduced.

The plaintiff's motion is denied; the defendant's motion is granted.

Such a construction can only be justified by reading subdivision (3) to mean that if the error is brought to the attention of the board within the four year period then the correction may be made at any time. If such a construction is applied to the case at bar the Board could find such information in a memorandum received from one of its agents on September 8th, 1942. That memorandum brought to the attention of the Board the information that the attorney for the plaintiff in this case had, in connection with another matter, admitted that the representations upon which the Board had acted favorably with respect to the lump sum allowance to the plaintiff had been a "cock and bull" story.

I have very grave doubts that the statute is capable of such a reading which would, in effect, destroy in good measure the conclusiveness with which the statute invested four year old records. To me subdivision (3) reads like a statute of limitations. The exception engrafted thereon by the Board's construction seems to me to fly in the teeth of the statute.