Leslie E. MARTLEW and wife, Emma N. Martlew, Appellants,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.

No. 19995.

United States Court of Appeals Fifth Circuit.

July 18, 1963.

888

John M. Smith, Longview, Tex., for appellants.

Stephen B. Swartz, Atty., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before HUTCHESON, Circuit Judge, LUMBARD, Chief Judge,* and BROWN, Circuit Judge.

HUTCHESON, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Texas, affirming the decision of the Secretary of Health, Education and Welfare, that appellant, Leslie E. Martlew, was not entitled to "old-age insurance benefits", and, consequently, that his wife, appellant, Emma N. Martlew, was not entitled to "wife's insurance benefits" under Section 202(a) and (b) of the Social Security Act, 42 U.S.C. § 402(a) and (b). In the decision complained of, the Secretary held that the husband had failed to file suf-

ficient returns reporting "self-employment income" creditable under the Social Security Act (Sec. 211(b), 42 U.S.C.A. § 411(b), and that at the time of application he (the Secretary) was prohibited by statute from adding such earnings to the records maintained by the Social Security Administration. Review of this decision in the district court, pursuant to Sec. 205(g) of the Act, 42 U.S.C. § 405 (g), resulted in the denial of appellants' motion for summary judgment and the dismissal of their complaint. The case now comes before this court on appeal from the district court's order refusing to set aside the administrative determination.

The secretary held that, while evidence produced six or more years after the years in question indicated that appellant would have been entitled to coverage on the basis of his partnership income had it been timely and properly reported, the expiration of the statutory limitation period (3 years, 3 months and 15 days) with respect to each of these years rendered the Social Security Administration earnings records conclusive and no longer open to correction. After noting that, upon expiration of the time limitation, the Act permits these records to be corrected only to conform to a tax return of self-employment income filed prior to such expiration, and that only a properly-completed Form 1040 income tax return (including a completed Schedule C or its substantial equivalent) is regarded as sufficient for this purpose, the Secretary found appellant's returns deficient for Social Security Act purposes.

On review the district court affirmed the administrative determination and dismissed appellants' complaint. We affirm his judgment.

█ The findings of the Secretary of Health, Education and Welfare, and the inferences drawn therefrom, are conclusive upon the courts if supported by substantial evidence.

█ Appellant asserts, in effect, that this court is free completely to substitute

---

* Chief Judge Second Circuit, sitting by designation.

its judgment for that of the Secretary on the question of the sufficiency of appellant's reporting under the Social Security Act, the Internal Revenue Code, and regulations thereunder. This assertion is patently unfounded.

To the extent that the ultimate question is factual, the Social Security Act accords virtual finality to the administrative findings. Sec. 205(g), 42 U.S.C. § 405(g) provides that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive", and it is now well established that the finality which attaches to the administrative findings adheres as well to the inference drawn from those facts. E. g., Sherrick v. Ribicoff, 7 Cir., 300 F.2d 494. The rationale underlying this limited review provision is, of course, the general Congressional policy entrusting such determination to the expertise and uniform standards of the administrative body selected by Congress.

The Secretary correctly held that appellant's form 1040 Income Tax Returns did not, in the circumstances of this case, constitute "Returns of Self-Employment Income" for Social Security Act purposes.

The ultimate issue for the district court was, and for us is, whether appellant's form 1040 Income Tax Returns suffice as a "tax return of self-employment income" for Social Security Act purposes. Underlying the determination of this question are certain basic propositions:

(1) The Secretary of Health, Education and Welfare is charged by Congress, in the Social Security Act, with the responsibility for maintaining earnings records for each individual receiving wages or deriving self-employment income (Sec. 205(c)(2), 42 U.S.C. § 405(c) and such records are, by statute, regarded as evidence on the question whether such earnings were, in fact, received during the period in question (Sec. 205(c)(3), 42 U.S.C. § 405(c)(3). Upon expiration of the Act's "time limitation" of three years three months and fifteen days (Sec. 205(c)(1)(B), 42 U.S.C. § 405(c)(1)(B) following each of the years in question,

the Secretary's records become conclusive evidence on the question of receipt of covered self-employment earnings.

Specifically, while prior to the expiration of the time limitation the Secretary is permitted to amend his records, Sec. 205(c)(4)(C) provides that, after the expiration of this period, the absence of an entry of self-employment income in these records "shall be conclusive * * * that no such alleged self-employment income with derived * * * unless it is shown that [the claimant] filed a tax return of his self-employment income * * * before the expiration of the time limitation * * *". And, Section 205(c)(5) (F), 42 U.S.C. § 405(c)(5)(F), provides that after the expiration of the time limitation the Secretary may amend his records to conform them to tax returns ("including information returns and other written statements"), filed with the Commissioner of Internal Revenue pursuant to, inter alia, the Self-Employment Contributions Act, except that no amount of self-employment income can be added to the Secretary's records unless the tax return reporting it was filed within the time limitation. Thus, in summary, to add self-employment income to his earnings record, a claimant must show that he timely filed a "tax return of his self-employment income".

(2) The burden of policing such returns, and collecting the self-employment tax, falls upon the Commissioner of Internal Revenue. During the period here in controversy, the Internal Revenue Code provided:

"Every individual (other than a nonresident alien individual) having net earnings from self-employment of $400 or more for the taxable year shall make a return containing such information for the purpose of carrying out the provisions of this subchapter as the Commissioner, with the approval of the Secretary, may by regulations prescribe. * * *"

The regulations under the Code provide that a return of self-employment income is to be made on the form 1040 income tax returns. 26 C.F.R. 29.482–1(a)

(1949 ed., 1952 Supp.); 26 C.F.R. 39.-482–1(a) (1953 ed.). And the pertinent revenue ruling (Rev.Rule. 291, 1953–2 Cum.Bull. 42), after describing what persons are liable for self-employment tax, provides (1953-2 Cum.Bull. at p. 50):

> "Such citizen is required to file a return on Form 1040 for the purpose of reporting the self-employment tax even though he has no income tax liability. A schedule for the computation of the tax is provided on page 3 of the separate schedule C (Form 1040) and instructions for its completion are shown on page 4 of the schedule. * * *"

Thus a person, such as appellant, deriving self-employment income, was directed to file a Form 1040 income tax return, including a completed Schedule C or its substantial equivalent.

In sum, the Schedule C which a person deriving self-employment income was (and is) required to complete and to file with his form 1040 income tax return unequivocally explains that one purpose of the form is to ascertain self-employment tax liability; that the detachable portion of the form, Schedule C-a is used to inform the Social Security Administration of covered self-employment income; and that one source of such income is partnership earnings. Thus, the purpose and need for and, consequently, the requirement of, a completed Schedule C or its substantial equivalent are fully stated.

(3) On the basis of the foregoing, the Secretary has formulated a policy in full conformity with the Social Security Act, the Internal Revenue Code, and the regulations promulgated thereunder.

On the record made in this case, the Secretary was fully justified in holding that appellant's form 1040 income tax returns were not "tax returns of self-employment income", and, that therefore, his records concerning appellant's earnings from self-employment were closed to alteration.

There can, therefore, be no real doubt as to the correctness of the Secretary's decision, affirmed by the district court. Affirmance of the district court's decision is called for here in order to avoid frustration of the statutory standards of record keeping and reporting established by the Social Security Act. These standards are founded upon policies lying at the very heart of the operation of the Act. Appellant's reporting in no way measures up to these standards, and thus his claim to coverage must fail. A holding in this case that appellant adequately reported his partnership income would undermine unequivocal statutory provisions and the Secretary's power to enforce them.

The judgment is affirmed.