**Mrs. Ada M. HOLTHOFF, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. PB-64-C-23.**

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Sept. 27, 1965.

Dickey & Dickey, Pine Bluff, Ark., Leon B. Catlett, Little Rock, Ark., for plaintiff.

James W. Gallman, Jeff Davis, Jr., Asst. U. S. Attys., Little Rock, Ark., for defendant.

GORDON E. YOUNG, District Judge.

This is an action brought under § 205 (g) of the Social Security Act, 42 U.S. C.A. § 405(g) to review a "final decision" of the Secretary of Health, Education and Welfare. The defendant has moved for summary judgment.

The facts in the case are relatively clear and are generally agreed upon by both parties. Mrs. Ada Holthoff, plaintiff, filed an application for old age benefits under the Social Security Act on March 5, 1957. At that time the wage and self-employment income records maintained by the Secretary showed that the plaintiff had eight quarters of coverage under the Act because of self-employment income earned in 1955 and 1956 (four quarters each year). Based on these records the defendant in May of 1957 awarded the plaintiff old age insurance benefits in the amount of $108.-50 per month, which was later raised to $116.00 per month. Plaintiff received these payments until June of 1960 when the Secretary had them stopped pending an investigation and determination of her insured status. She was notified of the decision that she was not entitled to the insurance benefits on October 14, 1960. The Secretary based this determination on information received from the Internal Revenue Service. That agency had decided that Mrs. Holthoff did not have any self-employment income in 1956. This information triggered an investigation by the Secretary after which he decided that the payments Mrs. Holthoff had received from the Holthoff Brothers partnership were not self-employment income. Therefore since she had received no self-employment income [1] she was not entitled to the insurance coverage she had claimed for 1955 and 1956.

---

1. She claimed no other source of income.

The plaintiff asked for a reconsideration of her claim and after an adverse decision she asked for a hearing on the matter. The hearing examiner held that she was not entitled to coverage in 1955 or 1956 because the payments she received from the partnership were gifts and not income payments to a bonafide partner. Later the Appeals Council held that the money received in 1955 was self-employment income, but that which was received in 1956 was not because of a change in plaintiff's ownership of certain property. The Council also said that the records pertaining to the 1955 payments could not be changed because the time limitation set out in § 205(c)(4) of the Social Security Act, 42 U.S.C.A. § 405(c)(4) had expired before any action was taken on them. However, they held that the records pertaining to 1956 could be changed even though the time limitation had expired before the records were changed, because the investigation of the Secretary had begun before the limitation had expired. The Council then determined that the plaintiff did not have the required quarters of coverage and was therefore denied the insurance benefits. It is from this decision that the plaintiff now appeals.

## CONTENTIONS

The plaintiff brings but one issue before this Court. She claims that regardless of the validity of the earnings records she is entitled to the insurance benefits because the time limitation set out in § 205(c)(4) of the Social Security Act, 42 U.S.C.A. § 405(c)(4) had expired before the defendant revised the entries in his records. Therefore the records were conclusive and binding for the purposes of the Act and cannot now be changed.

The defendant contends that the revision of the records is not barred by the statute because the Secretary had begun an investigation concerning the validity of the plaintiff's insured status before the time limitation had expired. Therefore the records can be changed and plaintiff is not entitled to the insurance benefits.

## DISCUSSION

In this case the question before the Court is simply one of interpreting § 205(c)(4) of the Social Security Act, 42 U.S.C.A. § 405(c)(4). That section provides that:

"Prior to the expiration of the time limitation following any year the Secretary may, if it is brought to his attention that any entry of wages or self-employment income in his records for such year is erroneous or that any item of wages or self-employment income for such year has been omitted from such records, correct such entry or include such omitted item in his records, as the case may be. After the expiration of the time limitation following any year—

"(A) the Secretary's records [with changes, if any, made pursuant to paragraph (5) of this subsection] of the amounts of wages paid to, and self-employment income derived by, an individual during any period in such year shall be conclusive for the purposes of this subchapter; * * *."

Both parties agree that the time limitation in this case expired April 15, 1960, and that the physical act of changing the records did not take place until after that time.

On the face of it, it appears that the Secretary has not acted within the limits of the statute and therefore is bound by the records as they were on April 15, 1960. However, the defendant argues for a more liberal interpretation of the statute and cites as authority for this view Stull v. Ewing, 102 F.Supp. 927 (S. D.N.Y.1950). In that case the plaintiff was the widow of the wage earner and she was seeking her widow's insurance benefits. Her claim depended on her husband's having nine quarters of coverage under the Social Security Act. She was given the benefits and later it was decided that her husband had only seven quarters of coverage and her payments were stopped. The Secretary made this determination before the time limitation

had expired and had written a memorandum stating that the plaintiff was not entitled to the benefits. However, there were no changes in the wage records of the husband until after the time limitation had expired. The plaintiff claimed that the records had become conclusive as of the date the limitation expired and could not be changed afterward. The court, in denying the plaintiff's claim, said, p. 930:

"I have not found in the certified record evidence that the wage entries were in fact revised or corrected but I do not see why that is crucial. A written determination that the prior records showed only seven quarters of coverage and not nine seems to me to be a wage record exactly in the same manner as if the figures were actually inserted upon a table."

In other words, the court said that since there was a written memorandum of the Secretary's determination in the files or records at the time the limitation expired, there did not have to be an actual physical change of the entries in the wage records. Defendant cites this case as authority for the proposition that the statute should not be strictly or literally construed. It may well be, as stated in Stull, that the statute should not be literally construed. However, this Court cannot agree with the defendant that the statute should be interpreted so liberally as to sustain the position of the Secretary in this case.

In the Stull case the Secretary had made a determination and had written a memorandum which was in the files and part of the wage earner's record at the expiration of the time limitation. In this case there was no written determination. In fact, the record shows that no decision adverse to plaintiff was made until after July 22, 1960, which is over three months after the time limitation

expired. On April 15, 1960, there was only a possibility that the records were not correct and would have to be changed. No decision had been made one way or the other. To allow the Secretary to go back and change the records merely because this possibility existed at the expiration date would be in direct opposition to the purposes of the limitation statute.

At some time in the dealings between the Secretary and the claimant there needs to be a point of finality or a cutoff point. It is beneficial to both parties to have a time after which the earnings records become conclusive and unalterable by either party. This allows the Secretary to better administer the funds he has available for this purpose, and also allows the claimant to make plans and arrange his affairs based on a certain and definite payment. A predetermined cutoff point also encourages prompt action by the Secretary.

The drafters of the Social Security Act provided for this cutoff point in § 405(c)(1)(B) and § 405(c)(4). They provided for a three-year three-month and fifteen-day time limitation and at the expiration of this time limitation the records of the Secretary become conclusive for the purpose of the Act. In several cases the courts in discussing this section of the Act have stated that the Secretary is allowed to make any change in the records he finds necessary before the time limitation expires. However, once the time limitation has elapsed the records become binding and he can no longer change them unless the case comes within one of the special exceptions (not applicable here) [2] set out in subsection (5) of the same section.[3]

To allow the Secretary to change the records after the time limitation has run when there had not been a decision that the records were erroneous, much less a change of any of the records before the

---

2. There is no contention that the changes made by the Secretary could come within the exception to the time limitation set out in § 405(c) (5).

3. See Martlew v. Celebrezze, 320 F.2d 887 (1963), White v. Celebrezze, 226 F.Supp. 584 (1963), Kilborn v. Ribicoff, 205 F. Supp. 630 (1962), Ewing v. Black, 172 F.2d 331 (1949).

expiration date, would be to ignore the purposes of the statute and the meaning which the courts have given it.

The Secretary has asked the court to adopt the very liberal interpretation that the Social Security Board gave to the predecessor of this statute which was very similar except that it provided for a four-year time limitation. The Board interpreted the statute to mean:

> "If there is in the records and files of the Board within the four-year period such information as would put a reasonable person on inquiry and such inquiry when pursued would disclose the error in the wage record and would lead to a correct determination, the wage record may be revised at any time under Section 205(c)(3) even after the expiration of the four-year period." [4]

This stretches the meaning of the statute beyond reasonable limits and this Court cannot accept it. Even in the Stull case, which the defendant relies on, the court refused to accept this same interpretation. In denying the defendant's argument the court said:

> "Such a construction can only be justified by reading subdivision (3) to mean that if the error is brought to the attention of the board within the four year period then the correction may be made at any time. * * I have very grave doubts that the statute is capable of such a reading which would, in effect, destroy in good measure the conclusiveness with which the statute invested four year old records. To me subdivision (3) reads like a statute of limitations. The exception engrafted thereon by the Board's construction seems to me to fly in the teeth of the statute." [5]

This Court agrees with that construction of the statute.

The Court does not undertake to outline just what action must be taken by the Secretary in order to come within the meaning of § 405(c)(4), but it does hold that the action taken by him in this case was not sufficient. Since the time limitation expired as of April 15, 1960 and since there was no change in the records (not even a decision that the existing entries were erroneous) prior to the expiration date, this Court holds that the records were conclusive and binding upon both parties as of April 15, 1960. Therefore the plaintiff is entitled to her insurance benefits, and the decision of the Appeals Council will be reversed.

---

4. Social Security Board Minutes, November 30, 1943, cited in Stull v. Ewing, supra.

5. Stull v. Ewing, supra, 102 F.Supp. at 930 n. (3).