**Willie S. CRAWFORD, Plaintiff,**

**v.**

**Wilbur J. COHEN, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 68–613.**

United States District Court
D. South Carolina,
Greenwood Division.

Jan. 8, 1969.

Marvin R. Watson, Watson, Ayers & Shaw, Greenwood, S. C., for plaintiff.

Klyde Robinson, U. S. Atty., Columbia, S. C., for defendant.

## ORDER

SIMONS, District Judge.

This action was brought by plaintiff to review the "final decision" of the Secretary of Health, Education and Welfare under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g) which reads as follows:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party * *

may obtain a review of such decision by civil action * * *. Such action shall be brought in the district court of the United States * * *. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

The sole issue to be determined is whether plaintiff met the earnings requirement of the Social Security Act, for if he has no "coverage" plaintiff has no remedy, and he has the burden of proof to establish his entitlement to disability benefits. Plaintiff asserts in his brief that the time limitations in reference to filing late tax returns and making corrections in the Secretary's records should not apply to his case because of his mental incompetency which should toll the running of the statute of limitations. However there is no such evidence in the record to support this contention except psychiatric reports diagnosing an anxiety reaction. It certainly cannot be said that plaintiff has proved himself incompetent by a sufficiency of the evidence.

Plaintiff last met the insured status requirements of the Act on March 31, 1960. His present application filed December 29, 1967 alleging disability as of 1962 is plaintiff's third application. He filed previous applications on September 26, 1960 and March 18, 1963. His previous applications never reached the District Court level.

On December 4, 1967 plaintiff filed with the Internal Revenue Service tax returns indicating self-employment income for the taxable years ending December 31, 1957, 1958 and 1959, and paid the amount of self-employment tax allegedly due. This was apparently done in an effort to increase his number of quarters and extend his coverage under the Act. He then filed his third applica-

tion. Such application was denied initially and on reconsideration because plaintiff was not insured for disability purposes on the alleged date of onset. A hearing was then held in Greenwood, South Carolina on May 2, 1968. The hearing primarily centered around the question of whether he was covered under the Act, and following such hearing the examiner found:

"(1) the reports of self-employment income filed on December 4, 1967, for the years 1957, 1958, and 1959 are barred by the time limitations set forth in section 205(c) of the Social Security Act:

"(2) Mr. Crawford last met the social earnings requirement for disability insurance purposes on March 31, 1960; and

"(3) he is not entitled to disability insurance benefits."

■ Section 205 of the Social Security Act not only governs the review of this case in this court, but also sets forth the controlling law. It provides that the Secretary's records shall be conclusive with reference to the determination of whether a claimant for Social Security benefits is covered. Corrections may be made to the Secretary's record within a certain time limitation. 42 U. S.C.A. § 405(c) (1) (B) defines time limitation as "a period of three years, three months, and fifteen days." Plaintiff filed his returns long after this period had expired. The pertinent portions of 42 U.S.C.A. § 405(c) read as follows:

"(3) The Secretary's records shall be evidence for the purpose of proceedings before the Secretary or any court of * * * self-employment income derived by, an individual and of the periods in which * * * such income was derived. The absence of an entry in such records * * * as to self-employment income alleged to have been derived by, an individual in any period shall be evidence * * * that no such alleged income was de-

rived by, such individual during such period.

"(4) Prior to the expiration of the time limitation following any year the Secretary may, if it is brought to his attention that any entry of * * * self-employment income in his records for such year is erroneous or that any * * * self-employment income for such year has been omitted from such records, correct such entry or include such omitted item in his records, as the case may be. After the expiration of the time limitation following any year—

"(A) the Secretary's records (with changes, if any, made pursuant to paragraph (5) of this subsection) of the amounts of wages paid to, and self-employment income derived by, an individual during any period in such year shall be conclusive for the purposes of this subchapter;
* * * * * *
"(C) the absence of an entry in the Secretary's records as to the self-employment income alleged to have been derived by an individual in such year shall be conclusive for the purposes of this subchapter that no such alleged self-employment income was derived by such individual in such year unless it is shown that he filed a tax return of his self-employment income for such year *before the expiration of the time limitation* following such year, in which case the Secretary shall include in his records the self-employment income of such individual for such year.

"(5) After the expiration of the time limitation following any year in which * * * self-employment income was derived or alleged to have been derived by, an individual, the Secretary may change or delete any entry with respect to * * * self-employment income in his records of such year for such individual or include in his records of such year for such individual any omitted item of * * * self-employment income but only—
* * * * * *

"(F) to conform his records to—

"(i) tax returns or portions thereof (including information returns and other written statements) filed with the Commissioner of Internal Revenue under title VIII of the Social Security Act, under subchapter E of chapter 1 or subchapter A of chapter 9 of the Internal Revenue Code of 1939, under chapter 2 or 21 of the Internal Revenue Code of 1954, or under regulations made under authority of such title, subchapter, or chapter;

"(ii) wage reports filed by a State pursuant to an agreement under section 418 of this title or regulations of the Secretary thereunder; or

"(iii) assessments of amounts due under an agreement pursuant to section 418 of this title, if such assessments are made within the period specified in subsection (q) of such section, or allowances of credits or refunds of overpayments by a State under an agreement pursuant to such section;

*except that no amount of self-employment income of an individual for any taxable year* (if such return or statement was filed after the expiration of the time limitation following the taxable year) *shall be included* in the Secretary's records pursuant to this subparagraph." (Emphasis added).

In Martlew v. Celebrezze, 5 Cir., 320 F.2d 887 (1963) the court in summarizing the statute with respect to self-employment income stated: "To add self employment income to his earnings record, a claimant must show that he *timely* filed a 'tax return of his self-employment income'." (Emphasis added). This plaintiff did not do.

In Williams v. Celebrezze, 243 F.Supp. 103, at 107 (E.D.Ark.1965) the court stated:

"With respect to wages, an absence of record entries during a quarter is, after the expiration of the limitations period, presumptive evidence that no wages were received during that quarter. 42 U.S.C.A. § 405(c) (4) (B). This presumption would seem to be rebuttable, and perhaps it can be rebutted by any substantial evidence of earning during the quarter in question. With respect to self-employment income, however, an absence of record entries of such income with respect to a particular year is, after the expiration of the limitations period, conclusive evidence of the absence of such income unless it is shown that the claimant 'filed a tax return of his self-employment income for such year before the expiration of the time limitation following such year * * *. 42 U.S.C.A. § 405(c) (4) (C).'"

In footnote 6 on page 110 of *Williams*, the court stated:

"If self-employment income is not reflected on the Secretary's record within the limitations period, it simply cannot be considered unless the recipient of the income has shown it on a self-employment tax return filed within that period."

The court must follow the statutory provisions enacted by Congress. Some time limitation must be adhered to or there would never be an end to litigation. As stated in *Martlew*, "Affirmance * * * is called for here in order to avoid frustration of the statutory standards of record keeping and reporting established by the Social Security Act." Although of little consolation to this plaintiff, it is noted that the Statute works both ways in that some cases have held that disability payments cannot be discontinued when an error has been found after the statutory time limitation which indicates that a claimant was not entitled to coverage.

Since plaintiff has failed to establish that he is entitled to benefits, the Secretary's decision is supported by substantial evidence, and it is accordingly affirmed.

And it is so ordered.