**Lillian LASCH, Plaintiff-Appellant,**

**v.**

**Elliot RICHARDSON, Secretary of Health, Education and Welfare of the United States of America, Defendant-Appellee.**

**No. 18925.**

United States Court of Appeals, Seventh Circuit.

Feb. 23, 1972.

Rehearing Denied March 13, 1972.

James L. English, Lake Geneva, Wis., Braden & English, Lake Geneva, Wis., for plaintiff-appellant.

David J. Cannon, U. S. Atty., Steven C. Underwood, Asst. U. S. Atty., Milwaukee, Wis., for defendant-appellee.

Before KILEY, PELL and STEVENS, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff, widow of a self-employed person, claimed insurance benefits under 42 U.S.C. § 402(e).[1] She was denied the benefits and brought this action in the district court to review the administrative ruling.[2] The district court gave summary judgment for the Secretary of Health, Education and Welfare, and plaintiff has appealed. We affirm.

---

[1]. 42 U.S.C. § 402(e) (1) provides that "the widow . . . of an individual who died a fully insured individual . . shall be entitled to a widow's insurance benefit. . . ."

[2]. 42 U.S.C. § 405(g) allows for judicial review of "any final decision of the Secretary. . . ."

Plaintiff's husband, a self-employed dairy distributor, died September 3, 1965, at age 62. Plaintiff filed a timely application for the widow's insurance benefits on November 10, 1965. The application was denied January 20, 1966. In order to sustain her claim, plaintiff was required to show that when her husband died he had accumulated one quarter of coverage for each calendar year after 1950 and before 1965, the date of his death.[3] However, because decedent had failed to file federal self-employment tax returns for the years in question, plaintiff's claim showed coverage for less than the requisite fourteen quarters needed for her claim.[4]

Plaintiff filed a second application June 14, 1967, together with the delinquent federal income tax returns, and the previously filed Wisconsin income tax returns. These returns showed decedent's income for the years 1962, 1963, 1964 and 1965 not included in the HEW records. This application was also denied. Plaintiff thereupon requested and was granted a hearing by an Examiner.

The Examiner found "good cause," 20 C.F.R. 404.957,[5] to reopen the first application because of "new and material evidence," 20 C.F.R. 404.958:[6] an affidavit of plaintiff's counsel, filed in February, 1967, explaining the delay in filing decedent's delinquent tax returns[7] for 1962–1965 showing his self-employment income. The Examiner credited plaintiff with the 1962 and subsequent quarters, and found decedent "fully insured" and plaintiff entitled to the widow's benefits. But the Appeals Council decided that the denial of the first application January 20, 1966, was a "final decision" barring—under 42 U.S.C. § 405(c) (5) [8] and 20 C.F.R. 404.959—the inclusion of decedent's 1962 self-employment income in the HEW records. The district court confirmed the Appeals Council's decision by entering the summary judgment before us.

3. 42 U.S.C. § 414(a) provides in pertinent part:
   The term 'fully insured individual' means an individual who had not less than—
   (1) one quarter of coverage . . . for each calendar year elapsing after 1950 . . . and before—
   \*   \*   \*   \*   \*
   (B) in the case of a man who has died, the year in which he died. . . .

4. It is not disputed that plaintiff's husband needed the fourteen quarters of coverage to be a "fully insured individual."

5. See n. 9 *infra.*

6. 20 C.F.R. 404.958 provides in pertinent part:
   "Good cause" shall be deemed to exist where:
   (a) New and material evidence is furnished after notice to the party to the initial determination;

7. The delinquent tax returns for 1962, 1963, 1964 and 1965 were filed February 17, 1967. The "time limitation" for making changes in the records for 1962 expired on April 15, 1966.

8. 42 U.S.C. § 405(c) (5) provides in part:
   (5) After the expiration of the time limitation following any year in which wages were paid or alleged to have been paid to, or self-employment income was derived or alleged to have been derived by, an individual, the Secretary may change or delete any entry with respect to wages or self-employment income in his records of such year for such individual or include in his records of such year for such individual any omitted item of wages or self-employment income but only—
   (A) if an application for monthly benefits or for a lump-sum death payment was filed within the time limitation following such year; *except that no such change, deletion, or inclusion may be made pursuant to this subparagraph after a final decision upon the application for monthly benefits or lump-sum death payment;*
   (B) if within the time limitation following such year an individual or his survivor makes a request for a change or deletion, or for an inclusion of an omitted item, and alleges in writing that the Secretary's records of the wages paid to, or the self-employment income derived by, such individual in such year are in one or more respects erroneous; *except that no such change, deletion, or inclusion may be made pursuant to this subparagraph after a final decision upon such request. Written notice of the Secretary's decision on any such request shall be given to the individual who made the request.* . . . (Emphasis added.)

## I.

Plaintiff contends that both the Appeals Council and the district court misinterpreted 42 U.S.C. § 405 of the Act; that they should have applied 20 C.F.R. 404.957,[9] instead of 404.959;[10] and that, as a result of the misinterpretation and misapplication, the summary judgment in favor of the Secretary must be reversed.

We see no merit in the plaintiff's contention. We hold that the Appeals Council's decision was not erroneous and that the district court did not err in entering the summary judgment before us.

■ When items of self-employment income are missing from HEW records, 42 U.S.C. § 405(c)(5)(A) permits the Secretary to include the items after expiration of the "time limitation" period[11] of 3 years, 3 months and 15 days from the year for which the records are missing. However, the late changes may be made *only* if two conditions are simultaneously satisfied:[12] first, an application for benefits must

9. 20 C.F.R. 404.957 provides:
   Reopening initial or reconsidered determinations of the Administration, and decisions of a hearing examiner or the Appeals Council; finality of determinations and decisions.
   An initial or reconsidered determination of the Administration or a decision of a hearing examiner or of the Appeals Council which is otherwise final under § 404.908, § 404.916, § 404.940, or § 404.951 may be reopened:
   (a) Within 12 months from the date of the notice of the initial determination (see § 404.907), to the party to such determination, or (b) After such 12-month period, *but within 4 years after the date of the notice of the initial determination* (see § 404.907) to the party to such determination, upon a finding of good cause for reopening such determination or decision or
   \*   \*   \*   \*   \*
   (Emphasis added.)

10. 20 C.F.R. 404.959 provides:
    Finality of initial determinations or decisions on revision of earnings records.
    Notwithstanding the provisions in § 404.957, a determination of the Administration or decision of a hearing examiner or the Appeals Council on a revision of an earnings record (see § 404.905(g)) *may be reopened only within the time period and subject to the conditions provided in [42 U.S.C. § 405(c)(4) or (5)] section 205(c)(4) or (5) of the act,* or within 6 months after the date of notice to the party to such determination or decision, whichever is later. (Emphasis added.)

11. 42 U.S.C. § 405(c)(1)(A).

12. We are assuming here, but not deciding that 42 U.S.C. § 405(c)(5)(A) (n. 8 *supra*) is applicable to the question of making the desired changes in the 1962 records, which the plaintiff sought.

We do note also, however, that 42 U.S.C. § 405(c)(4)(C) provides in pertinent part:
*After the expiration of the time limitation following any year—*
   (C) *the absence of an entry in the Secretary's records as to the self-employment income alleged to have been derived by an individual in such year shall be conclusive* for the purposes of this subchapter *that no such alleged self-employment income was derived by such individual in such year* unless it is shown that he filed a tax return of his self-employment income for such year before the expiration of the time limitation following such year, in which case the Secretary shall include in his records the self-employment income of such individual for such year. (Emphasis added.)
Furthermore, 42 U.S.C. § 405(c)(5)(F) provides in part that "after the expiration of the time limitation following any year . . . the Secretary may change . . . any entry with respect to . . . self-employment income . . . of such year . . . but only—
   (F) to conform his records to—
      (i) tax returns . . . filed with the . . . Commissioner of Internal Revenue . . .
   \*   \*   \*   \*   \*
*except that no amount of self-employment income of an individual for any taxable year (if such return or statement was filed after the expiration of the time limitation following the taxable year) shall be included in the Secretary's records pursuant to this subparagraph;* . . . . (Emphasis added.)
*See* Martlew v. Celebrezze, 320 F.2d 887 (5th Cir. 1963); Crawford v. Cohen, 295 F.Supp. 624 (D.S.C.1969).

have been filed within the specified time limitation; and second, there has been no "final decision" upon the application for benefits.

Plaintiff's original application for benefits was filed November 10, 1965, and was within the time limitation affecting the 1962 income, and accordingly satisfied the first condition. Plaintiff argues that she also satisfied the second condition because under 20 C.F.R. 404.957 the Agency's January 20, 1966 determination denying her first application was correctly reopened, since within the four year period after the notice of the disallowance of her application she showed good cause. The reopening, plaintiff argues, removed "the impediment" of a "final decision" barring inclusion, in the records, of the 1962 earnings of decedent. We disagree.

20 C.F.R. 404.957 provides that an initial or reconsidered determination of the Secretary or a decision of a Hearing Examiner or of the Appeals Council which is otherwise final may be reopened "within 4 years" upon good cause shown by "new and material evidence." But 20 C.F.R. 404.959 specifically covers "revision of earnings records" and provides that "notwithstanding the provisions in 404.957" a decision on such revision may be reopened only within the "time period in [42 U.S.C. § 405(c) (4) or (5)]."

Plaintiff insists, however, that the term "time period" of 404.959 refers to the four year "period" in 404.957. She argues that 20 C.F.R. 404.804, 404.805 and 404.806 use the term "time limitation" while 404.957 uses the term "time period," and that 404.956, providing for "revision for error or other reason" permits revision within the "time period" prescribed in 404.957. The interpretation of the Appeals Council and district court, therefore, plaintiff contends, neglects "the uniformity" of subject matter in 20 C.F.R. 404.956, 404.957 and 404.958 as well—in all of which the term "time period" is used instead of "time limitation." Plaintiff however cites no definition of "time period" in the regulatory scheme which gives a constant meaning to that term, as used in the regulations, and which requires us to take the term as meaning the 4 year period in 20 C.F.R. 404.957.

We think the district court was correct in interpreting the term "time period" employed in 404.959 as referring to "time limitation" as used in 42 U.S.C. § 405(c) (4) and (5). That regulation's specific coverage of "revisions of earnings records" and its provision that a "determination . . . may be reopened only within the 'time period' and subject to the conditions provided in [42 U.S.C. 405(c) (4) or (5)]" are in our view conclusive. Regulation 404.959 by its own terms brings into play "the time period and . . . conditions" in 42 U.S.C. § 405(c) (4) or (5), and its language expressly excludes the 4 year reopening "time period" of 404.957 from incorporation into 404.959.

We conclude that the term "time period" in 404.959 refers to the "time limitation" specified in 42 U.S.C. § 405(c) (4) or (5). Consequently, since the January 20, 1966 disallowance of plaintiff's first application was a "final decision" which could not be reopened, that decision, by virtue of 42 U.S.C. § 405(c) (5) and 20 C.F.R. 404.959, operates as a bar to reopening of plaintiff's second application.

## II.

Plaintiff contends that 42 U.S.C. § 405 is unconstitutional because the "time limitation" does not operate equally on all individuals. A decedent's "fully insured" status depends on the date of death, whereas the "time limitation" for changing records runs from the particular year subject of the change. Plaintiff argues that the widows of self-employed persons who died toward the end of the "time limitation" have less time to establish eligibility for benefits than the widows of self-employed persons who died at the beginning of the "time limitation." In her case, plaintiff says she had only a period from September 1965, when her husband died, to

April 1966, when the "time limitation" for making changes in the 1962 records expired, to do what was required. She claims that all survivors should have an equal amount of time within which to "discover," gather and provide information to make them eligible. The result in her case, she contends, denied her due process.

 The benefits sought under 42 U.S.C. § 405 are not founded on a right, but rest upon a "non-contractual interest" basis. Flemming v. Nestor, 363 U.S. 603, 610, 612, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). *See also* Price v. Flemming, 280 F.2d 956, 959 (3rd Cir. 1960), cert. denied 365 U.S. 817, 81 S.Ct. 698, 5 L.Ed.2d 695 (1961). And not every denial of benefits violates due process, although a "covered employee" is protected by the due process clause from arbitrary governmental action. *Id.* 363 U.S. at 611, 80 S.Ct. at 1373. But the bar of due process is to be interposed only if there is a "patently arbitrary classification, utterly lacking in rational justification." *Id.*

 We are not persuaded by plaintiff that there has been a clearly arbitrary treatment of her request. We hold that the "time limitation" in 42 U.S.C. § 405(c) applied in denial of her request for benefits does not offend the due process clause.

 It is unfortunate that plaintiff must go without the insurance benefits. But the immensity of the problem of providing Social Security "called forth a highly complex and interrelated statutory structure." The mandate to the Secretary in 42 U.S.C. § 405(c) (2) to maintain HEW records of self-employment income was necessary for the determination in an orderly manner of the innumerable requests for insurance benefits. Congress recognized that a beginning and end of time for establishing eligibility was an essential part of that need by prescribing a "time limitation" within which changes and revisions in the Secretary's records might be made. *See* Crawford v. Cohen, 295 F.Supp. 624 (D.

S.C.1969). One need only be reasonable to foresee the disaster in HEW if there were not a reasonable time limitation for ending disputes about eligibility benefits. This being so, the question is only whether the 3 year, 3 month, 15 day period is reasonable in relation to the purposes of the Act. There is no showing made by plaintiff why the "time limitation" was not reasonable in her case. We hold that the "time limitation" has a valid legislative purpose.

 True, the uncertainty of time of a person's death may result in some survivors having more time than others to request revision of the Secretary's records. But that does not render the "time limitation" arbitrary. It is not the uncertainty of time of plaintiff's husband's death, but rather his failure to file his returns before death, that reduced the time she had in which to make the necessary revisions in the Secretary's records.

The district court did not err in entering summary judgment for the Secretary.

Affirmed.