**Cathryn C. BURKE, Plaintiff-Appellee,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.**

**No. 81–3210.**

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs May 17, 1982.

Decided June 22, 1982.

1. 18 U.S.C. § 921 *et seq.*

Dale F. Kainski, Asst. U. S. Atty., Cleveland, Ohio, A. George Lowe, Dept. of Health and Human Services, Baltimore, Md., for defendant-appellant.

John A. McNally, III, Youngstown, Ohio, for plaintiff-appellee.

Before MARTIN, Circuit Judge, WEICK, Senior Circuit Judge, and GUY, District Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

On this appeal we are presented with the question of what evidence may establish an earnings record for social security purposes after the expiration of the statutory time limitation.

Cathryn Burke was denied benefits by the Secretary because she failed to establish a sufficient number of quarters of self-employment to qualify for insured status under the Social Security Act. *See* 42 U.S.C. § 413(a)(2). Before the agency, she contended that her earnings record should have included self-employment income for the years 1958, 1959, and 1960, when she operated a motel with her husband. Although joint returns were filed by the couple for those years, no income was specified on the return as hers. Instead all self-employment income from the motel partnership was shown to be her husband's, who listed his principal occupation as an electrical contractor. Twelve years later after the IRS had destroyed the original returns, Mrs. Burke filed an amended tax return reflecting self-employment income for 1958, 1959, and 1960 in her name. She has offered these returns, along with the informational partnership tax returns for the years 1958–

60, indicating distribution of her partnership earnings from the operation of the motel to both her and her husband. The only way that she will receive social security benefits will be to withdraw her earlier tax returns, file new ones, and claim the credits necessary for coverage.

The District Court reversed the Secretary's decision and allowed her earnings record to be amended on the strength of this evidence. The court held that the filing of the 1958–60 joint returns, although erroneous with regard to Mrs. Burke, avoided the conclusive presumption that the Act grants the Secretary's records after the expiration of the time limitations period. That presumption, found at 42 U.S.C. § 405(c)(4)(C), provides:

(C) the absence of an entry in the Secretary's records as to the self-employment income alleged to have been derived by an individual in such year shall be conclusive for the purposes of this subchapter that no such alleged self-employment income was derived by such individual in such year unless it is shown that he filed a tax return of his self-employment income for such year before the expiration of the time limitation following such year, in which case the Secretary shall include in his records the self-employment income of such individual for such year.

Having avoided the effect of this subsection, the court then turned to the next section, 405(c)(5), which sets forth the manner in which an earnings record may be corrected after the expiration of the time limitations period. Subpart (F) states that the Secretary may "conform his records to:

(i) tax returns or portions thereof (including information returns and other written statements) filed with the Commissioner of Internal Revenue under title VIII of the Social Security Act, under subchapter E of chapter 1 or subchapter A of chapter 9 of Title 26, Internal Reve-

* Honorable Ralph B. Guy, Jr., District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

nue Code of 1939, under chapter 2 or 21 of Title 26, Internal Revenue Code of 1954, or under regulations made under authority of such title, subchapter, or chapter;

The court used this proviso to allow Mrs. Burke's 1972 amended return and the informational partnership tax returns to correct the earlier joint returns and establish a sufficient self-employment earnings record.

We believe the District Court erred in allowing this proof to establish the necessary quarters of coverage. The Social Security Act draws a purposeful distinction between proof of self-employment income and proof of wage income. As noted earlier, section 405(c)(4)(C) provides with regard to self-employment income that unless a claimant can prove otherwise by the submission of his own individual tax returns, a *conclusive* presumption arises supporting the Secretary's records after the passage of the time limitations period. This conclusive presumption stands in marked contrast to the *rebuttable* presumption which arises under the same circumstances with regard to wage income. 42 U.S.C. § 405(c)(4)(B).

In *Shore v. Califano*, 589 F.2d 1232 (3rd Cir. 1978), the Third Circuit elaborated on the policy reasons underlying section 405's presumptions and outlined its legislative history. Without repeating that analysis here, suffice it to say that the distinction between the two presumptions grew out of Congress' concern for a verifiable system of reporting that would not punish wage earners for the negligence of their employers but would require those who were self-employed to submit their records diligently, thereby avoiding difficult, after-the-fact litigation which would likely not be submissible to concrete proof. *Shore, supra*, 589 F.2d 1237–39. The Tenth Circuit has also adopted this reasoning and has refused to allow untimely corrections for the purpose of establishing a sufficient earnings record. *Yoder v. Harris*, 650 F.2d 1170 (1981).

We believe a strict interpretation of the Act serves more faithfully the intentions of Congress. For this reason we refuse to deviate from the statute's clear rule that a claimant may document self-employment income only by submitting a timely filed income tax return. We note that this court has, on at least one occasion, permitted an exception to this rule. *See Grigg v. Finch*, 418 F.2d 661 (6th Cir. 1969). There, an earnings record was amended where the claimant offered informational returns filed by the Detroit Conservancy of Music which supported his claim of self-employment as a part-time accordion instructor. Those returns, filed as they were by a disinterested third party, allowed the court to avoid section 405's strict conclusive presumption and at the same time heed the evidentiary concerns expressed in the statute. That equitable consideration is not present here. Burke has offered no independent evidence to refute the records of the Secretary. Instead her case centers on the self-serving 1972 amended return which contradicts the joint return timely filed by Burke and her husband. Furthermore, the informational partnership returns upon which Burke relies, do not, as did the informational returns in *Griggs*, specify her individual work effort and earnings. As with the 1972 amended return, the partnership returns are not "independent evidence" but are products of the claimant herself. Indeed, they illustrate the difficult subjective questions of proof sought to be avoided by section 405. Burke's failure to correct her earnings record in the manner provided for by the Act must therefore result in the loss of her claim.

The judgment of the District Court is reversed.