**Allan WEISBRAUT, Appellant,**

**v.**

**SECRETARY OF DEPARTMENT OF HEALTH AND HUMAN SERVICES OF the UNITED STATES and Mr. William Reiche, Mr. David Lunt, Mr. S.J. Sior, Mr. Leonard Greene and Mr. George Shainswit and his special designated staff.**

**No. 84–5549.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant To Third Circuit Rule 12(6) Feb. 20, 1985.

Decided March 22, 1985.

Rehearing Denied April 11, 1985.

Allan Weisbraut, pro se.

Paul J. Dillon, Asst. U.S. Atty., Newark, N.J., for the United States.

Before WEIS, HIGGINBOTHAM, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

The Secretary of Health and Human Services reduced the plaintiff's retirement benefits because Social Security records indicated that he had not reported self-employment earnings in six specified years. Plaintiff demonstrated that the records were in error as to one of the challenged years and for that reason urges that the statutory presumption of correctness should not apply to the absence of entries in the records for the other five years. Although the plaintiff's argument is not without logic, it is unavailing because the presumption is based on administrative feasibility, not infallibility. We therefore will affirm the district court judgment in favor of the Secretary.

After plaintiff contested the Secretary's computation of his retirement insurance benefits, he was granted a hearing. The ALJ recommended that plaintiff be given credit for two years of self-employment earnings. The Appeals Council approved the ruling only as to one year, and plaintiff appealed to the district court. After a hearing, the court granted summary judgment in favor of the Secretary.

Plaintiff began to receive retirement insurance payments effective as of April 19, 1979. In September of 1980, the benefit amount was reduced because the Secretary's records showed no self-employment earnings for the years 1965, 1970 through 1974, and 1976. Plaintiff challenged the reduction, alleging that he had paid Social Security taxes on commissions he had earned as a real estate salesman during the years in question.

As part of its routine internal operating procedures, the Internal Revenue Service had destroyed the income tax returns plaintiff had filed,[1] and he no longer had his copies. Consequently, he was unable to produce his returns at the hearing before the ALJ. Plaintiff had no other records to establish payment of the tax in the years 1965 and 1976, but he did submit various documents for the other years in question.

For proof of payment as to the year 1970, he presented a "Payment Overdue" statement from the IRS, dated July 9, 1971, assessing $143.03 in additional taxes for the period ending December 31, 1970.

For the year 1971, plaintiff offered an IRS Form 1099, showing that A. Schwartz Company of Lake Hiawatha, New Jersey had paid him $3,764.42 in commissions. In addition, he produced a money order dated April 17, 1972, payable to the IRS in the amount of $320, as well as a check dated June 21, 1972 for $300, also payable to the IRS. These amounts were said to have been tax payments for the year 1971.

For the year 1972, he submitted two checks payable to the IRS, one dated August 21, 1973 for $70.43, and the other of October 9, 1973 for $414.78.

For 1973, plaintiff produced a check to the IRS, dated April 15, 1974 in the amount of $1,255.11.

For 1974, plaintiff introduced a "Report of Individual Income Tax Audit" dated February 25, 1976, assessing a deficiency of $697.10, including self-employment tax of $624.59. A check for the full amount was also entered into evidence.

Based on the plaintiff's testimony and the documentary evidence, the ALJ decided that the Secretary should revise the records for the years 1971 and 1974. Plaintiff appealed to the Appeals Council which adopted the ALJ's ruling on the 1974 credit, but rejected the plaintiff's contentions as to 1971. The denial of any modification based on the other years was affirmed.

The Appeals Council noted that the Form 1099 for 1971 merely showed gross income and not whether any taxes were due. Nor was there any way to verify that the amounts paid in 1972 were actually for 1971 self-employment taxes.

In the district court, plaintiff contended that the Secretary failed to give due consideration to the evidence. The district judge noted the presumption of correctness accorded to the Secretary's records, 42 U.S.C. § 405(c)(4)(C), and this court's strict reading of that statute in *Shore v. Califano*, 589 F.2d 1232 (3d Cir.1978). Finding that *Shore* controlled, the district court concluded that the Secretary's decision was supported by substantial evidence, and accordingly granted summary judgment.

Plaintiff has represented himself throughout these proceedings. He contends that because he has shown that the Secretary's records were in error as to 1974, all of his evidence should now be reconsidered. In effect, the plaintiff's argument is that since he has been able to demonstrate that the Secretary's records are not correct in at least one instance, the statutory presumption should not apply for any of the disputed years.

In administering the Social Security System, the Secretary is required by statute to maintain records of contributions from self-employed persons as well as wage earners. An individual may obtain a copy of his record and apply for correction within three years, three months and fifteen days

---

1. 8A Stand.Fed.Tax Rep. (CCH) 5975.011. "Internal instructions of the Internal Revenue Service give District Directors authority to destroy individual income tax returns—at their discretion—after 6 years."

after the year in question.[2] After that time has passed, however, the absence of an entry of earnings for a particular year "shall be conclusive" of the fact that the applicant had no qualified earnings in that year. The statute allows an exception, however, if "it is shown that [the applicant] filed a tax return of his self-employment income for such year before the time limitation following such year...." In that event, the earnings established will be credited. 42 U.S.C. § 405(c)(4)(C).

Another section of the same statute provides that the Secretary may correct the records to conform to "(i) tax returns or portions thereof (including information returns and other written statements) filed with the Commissioner of Internal Revenue," provided they are timely filed. 42 U.S.C. § 405(c)(5)(F).

These statutory provisions and the regulations which implement them do not appear on their face to be unduly onerous. They may, however, become a trap for the unwary who do not know that the IRS has a policy of destroying the original returns within a few years after they are filed and processed. The applicant for Social Security benefits who expects to prove his eligibility based on filed copies of his income tax returns will often find that proof no longer exists. If he has failed to keep his own copies, he may be left without any means to substantiate his claim.

The limitation is particularly burdensome for a taxpayer who has regularly paid the amount due, and hence does not even have correspondence from the IRS which he might have saved. It is somewhat ironic that the only effective evidence that plaintiff here was able to muster was a notice of deficiency sent to him because he had not paid the self-employment tax.

The operation of the statutory provisions is therefore often harsh and particularly inequitable to unsuspecting applicants. We were aware of the potential unfairness to those claimants deprived of benefits through a bureaucratic, computer-generated error, but nevertheless felt bound to take a very strict view of the statutory requirements in *Shore v. Califano*, 589 F.2d 1232 (3d Cir.1978).

The legislative history makes it clear that Congress recognized the administrative problems that would result when self-employed persons were included in the Social Security program. They had been excluded from the original plan, largely because a feasible method of obtaining reports of their income had not been devised. When it was determined that the income tax return provided a workable system, Congress passed the 1950 amendments expanding the program to cover the self-employed.

The stringent provisions on correction of earnings records were adopted because of fears that the Secretary would be confronted with claims based on earnings in periods many years past for which there could be no effective rebuttal. Congress was properly concerned with the problems of managing a system of retirement insurance covering a large part of the entire population and sought to minimize the possibilities of abuse. Although the courts are confronted with instances where the arbitrary nature of the statutory provisions may appear to do an injustice, allowing exceptions would weaken the procedural mechanisms that permit the system to function.

Thus, in the *Shore* case, we concluded that copies of the income tax forms filed by the applicant's husband were not sufficient evidence, even though the accountants who had prepared them had stated that her income was the same as her husband's for the years in question.

Other courts of appeals have taken a similar approach and cited *Shore*. In *Burke v. Secretary of Health and Human Services*, 680 F.2d 1128 (6th Cir.1982), the court noted the difference between the degrees of proof required of wage earners and the self-employed. Congress required the "self-employed to submit their records diligently, thereby avoiding difficult, after-

---

2. 42 U.S.C. § 405(c)(4) (1982). *See also* 42 U.S.C. § 405(c)(1)(B).

the-fact litigation which would likely not be submissible to concrete proof." *Id.* at 1130. The court therefore concluded that "a strict interpretation of the Act serves more faithfully the intentions of .Congress." *Id.*

In *Yoder v. Harris*, 650 F.2d 1170 (10th Cir.1981), a self-employed farmer's informational 1099 forms showing income received from a cooperative were held to be insufficient proof. The court observed that these documents established only gross income and did not demonstrate that the claimant had realized net income. In reaching its decision, the court relied on the *Shore* rationale.

In *Hollman v. Department of Health and Human Services*, 696 F.2d 13 (2d Cir. 1982), the plaintiff was successful in having corrections made to his record for two years for which deficiency assessments had been levied. An audit had found that the self-employed claimant had overstated his business expenses in computing his net earnings. Thus, the audit established that the claimant had filed returns for the years in question and the self-employment income was fixed.

The self-employed are not without means to protect themselves, however. As we noted in *Shore*, an individual's Social Security earnings record is open to him. By using a form available through Social Security offices, a taxpayer can acquire a copy of his record and make periodic checks to insure that the Secretary has properly credited earnings reported on income tax returns.

We have not yet had the occasion to rule on whether copies of tax returns retained by the individual may be used as evidence after the IRS has destroyed the originals. However, prudence would dictate that the copies should be retained—at least until such time as the taxpayer verifies the earnings record kept by the Secretary. It may be that the taxpayer's copies of the returns, together with proof that they have been filed, for example, cancelled checks in payment, would satisfy the Secretary's requirements. We do not rule on whether that evidence will satisfy the statutory requirements because that issue is not presented on this appeal. We merely cite it as one possible way of satisfying the statutory requirements.

Plaintiff in the case at hand, however, has failed to produce evidence for the challenged years that meet the statutory test. The fact that he produced Form 1099 does not establish net income. *Yoder v. Harris*, 650 F.2d 1170 (10th Cir.1981). His checks payable to the IRS likewise fail to show that they were in payment of the self-employment tax either in full or in part.

We conclude, therefore, that the district court properly determined the claimant had failed to meet his statutory burden. Accordingly, the judgment of the district court will be affirmed.[3]

---

**3.** The claimant has also complained about the conduct of the Assistant U.S. Attorney who presented the government's case in the district court as well as about the action of the district judge. We find no merit to these contentions, and they are therefore rejected.