798 F.2d 468
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
R.A. BROWN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-3235.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1986.
 
 Before MARTIN, KRUPANSKY and GUY, Circuit Judges.
 
 ORDER
 
 1
 Brown appeals pro se from the district court's grant of summary judgment in favor of the Secretary in this Social Security disability and Supplemental Security Income case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Brown is a former school teacher who alleges that he is disabled due to back and psychological problems. At the time of the hearing before the ALJ, Brown was receiving workers' compensation and teacher's retirement benefits. The ALJ's decision held that Brown did not have enough quarters of covered employment to qualify for disability benefits, that the proper filing date for his application was June 30, 1981, not November 22, 1979, and that his earnings from the workers' compensation and teacher's retirement benefits disqualified him from receiving SSI benefits. The Appeals Council and the district court affirmed these conclusions.
 
 
 3
 The district court held that Burke v. Secretary of H.H.S., 680 F.2d 1128, 1130 (6th Cir. 1982) controlled the question concerning Brown's number of quarters of covered employment. We agree with the conclusion of the district court. Under 20 C.F.R. Secs. 404.802 and 404.803, Brown's quarters from 1979 to 1982 qualified for additional coverage, but no additional quarters of coverage qualified for the period before 1979. So this issue is without merit.
 
 
 4
 Concerning SSI benefits, Brown argues that the date of his application should be in November of 1979 because he made an oral request at that time and because he was advised by a Social Security agent that he did not qualify for benefits. In Schweiker v. Hansen, 450 U.S. 785, 790 (1981), the Supreme Court held that the government could not be estopped from asserting a position unless the government agent engaged in affirmative misconduct. The district court found that there was no affirmative misconduct on this record. We agree with this conclusion.
 
 
 5
 We have examined Brown's other issues and find them to be without merit. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.