Anthony CICCONE, Plaintiff–Appellant,

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES OF the UNITED STATES, Defendant–Appellee.**

**No. 133, Docket 88–6109.**

United States Court of Appeals, Second Circuit.

Argued Sept. 23, 1988.

Decided Oct. 25, 1988.

Murray Appleman, New York City, for plaintiff-appellant.

Peter R. Ginsberg, Asst. U.S. Atty., E.D. N.Y., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Robert L. Begleiter, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for defendant-appellee.

Before MESKILL, PIERCE and WINTER, Circuit Judges.

MESKILL, Circuit Judge:

Plaintiff-appellant Anthony Ciccone appeals from an order entered in the United States District Court for the Eastern District of New York, Nickerson, J., dismissing his appeal from a decision of the Secretary of the Department of Health and Human Services (Secretary). Ciccone claims that the Secretary improperly denied his application for retirement benefits in violation of statute and the Fifth Amendment to the United States Constitution.

The district court concluded that Ciccone's refusal to state his former occupation constituted a valid reason to deny his claim and that the Fifth Amendment cannot be used to "frustrate the collection of highly relevant information the submission of which is a fair prerequisite to receipt of benefits." *Ciccone v. Bowen,* No. 86 Civ. 795, slip op. at 4 (E.D.N.Y. Mar. 3, 1988) [available on WESTLAW, 1988 WL23537], App. of Appellant at 89. We affirm the decision of the district court.

## BACKGROUND

Appellant Ciccone, a self-employed individual, filed for old age insurance benefits under the Social Security Act, 42 U.S.C. § 402(a) (1982 & Supp. IV 1986), on August 18, 1983, claiming that he had retired at the end of June 1983. App. of Appellant at 45–48. In support of his application, Ciccone filed a copy of his 1983 federal tax return with the Secretary. *Id.* at 62–65. Appellant has not filed a tax return since 1983.[1] Neither his application nor his 1983 tax return revealed Ciccone's occupation, *id.* at 47, 62–65, and when requested by the Secretary to supply this information, Ciccone refused. *Id.* at 37–40, 49, 52–54. Although there was no evidence that Ciccone had not retired and he had stated, under

oath, that he had retired, *id.* at 42–43, the Secretary claimed he needed to know what appellant's occupation had been to determine whether appellant had stopped working.

Because appellant failed to furnish the requested information, the Secretary ruled that he could not receive benefits. *Id.* at 53. This ruling was affirmed by the Secretary on reconsideration, *id.* at 55–58, by an Administrative Law Judge, *id.* at 19–23, and by the district court, *Ciccone v. Bowen,* No. 86 Civ. 795 (E.D.N.Y. Mar. 3, 1988), App. of Appellant at 86–90.

On appeal, Ciccone claims that he has proved his retirement and therefore is entitled to receive social security benefits. Second, he claims that his Fifth Amendment right not to incriminate himself allows him to refuse to provide the information requested by the Secretary and still be eligible for benefits.

## DISCUSSION

### A. *Entitlement*

The Social Security Act provides for benefits to be paid to retirees in an amount based, in part, on prior and current wages. 42 U.S.C. §§ 402(a), 415(a)(1)(A) (1982), 415(f)(2) (1982 & Supp. IV 1986). The Secretary is empowered to make regulations concerning proof of entitlement, 42 U.S.C. § 405(a) (1982), and is required to keep records of past wages of self-employed individuals, 42 U.S.C. § 405(c)(2)(A). If the Secretary's records contain no evidence of self-employment wages for a certain period, and if no tax return has been filed for that period, then the records are "conclusive" as to the absence of earnings for that period after a limitations period of three years, three months and fifteen days has expired. 42 U.S.C. §§ 405(c)(1)(B), 405(c)(4)(C). *See Yoder v. Harris,* 650 F.2d 1170, 1171–73 (10th Cir.1981); *Shore v.*

---

**1.** Appellant died after this action was begun. Br. of Appellant at 1. Although no motion for substitution of parties has been made, *see* Fed. R.Civ.P. 25(a)(1), this defect is not fatal since no suggestion of death was made to the district court. *See Coffee v. Cutter Biological,* 809 F.2d 191, 193 n. 1 (2d Cir.1987). Similarly, although

no motion for substitution has been filed in this Court, *see* Fed.R.App.P. 43(a), we may proceed to decide Ciccone's appeal. *See Hardie v. Cotter and Co.,* 849 F.2d 1097, 1098 n. 2 (8th Cir.1988); *Wright v. Commercial Union Insurance Co.,* 818 F.2d 832, 834 n. 1 (11th Cir.1987).

*Califano,* 589 F.2d 1232, 1233 (3d Cir.1978); *Taylor v. Weinberger,* 528 F.2d 1153, 1155 (4th Cir.1975); *Singer v. Weinberger,* 513 F.2d 176, 177–78 (9th Cir.1975). If an individual earns wages during a period in which he or she otherwise is entitled to benefits, *i.e.,* after "retirement," deductions will be taken against the amount to which the individual is entitled. 42 U.S.C. § 403 (1982 & Supp. IV 1986). In the case of a self-employed individual, these deductions will be taken unless the individual proves to the Secretary that he or she received no outside income. 42 U.S.C. § 403(f)(4)(A). Section 403(f)(4)(A) provides that

> [a]n individual will be presumed, with respect to any month, to have been engaged in self-employment in such month until it is shown to the satisfaction of the Secretary that such individual rendered no substantial services in such month.... The Secretary shall by regulations prescribe the methods and criteria for determining whether or not an individual has rendered substantial services with respect to any trade or business.

*Id.* Nevertheless, appellant argues that section 405(c)(4)(C) is controlling, and that his failure to file tax returns subsequent to 1983 is conclusive evidence of retirement. We disagree.

We begin by noting that at the time the Secretary denied appellant's claim, the "conclusive" presumption of section 405(c)(4)(C) did not apply to any year for which Ciccone claimed benefits because the limitations period had not yet expired. Even if we were to find that it did apply, Ciccone's argument would fail.

The purpose of the self-employment provisions of section 405 was to provide a mechanism for self-employed individuals to record their wages with the Secretary, so that they can show that they meet minimum length of employment requirements and therefore become eligible for benefits. *See Jabbar v. Secretary of Health and Human Services,* 855 F.2d 295, 298 (6th Cir.1988) (Congress viewed a "timely filed tax return ... as sufficient to bring self-employed persons into the social security

system") (per curiam); *Weisbraut v. Secretary of the Department of Health and Human Services,* 757 F.2d 83, 85 (3d Cir.) (Congress had been concerned with claims of earnings of which there was no record), *cert. denied,* 474 U.S. 852, 106 S.Ct. 152, 88 L.Ed.2d 125 (1985). As we have stated, section 405(c)(4)(C) "addresses the situation ... where a claimant wishes to *create* a social security self-employment earnings record after the ... time limit." *Hollman v. Department of Health and Human Services,* 696 F.2d 13, 16–17 (2d Cir.1982).

Appellant, however, is not attempting to prove that his earnings are sufficient to entitle him to benefits. Rather, he is trying to prove that he is retired. Section 405(c)(4)(C) cannot be read in this circumstance to require that a conclusive effect be given to Ciccone's failure to file a tax return after 1983. That section's "conclusive" presumption applies only to situations where a self-employed individual has waited too long to attempt to prove that he or she has had past earnings. Where an applicant attempts to prove the converse— that there have been no earnings—a lack of evidence in the Secretary's records is insufficient proof. Congress has specifically provided for this situation in section 403(f)(4)(A), which requires the applicant to present more detailed information than appellant has done here.

We cannot disregard the express provisions of section 403(f)(4)(A). It has been held that section 405(c)(4)(C) cannot be read alone, but should be interpreted in light of other relevant statutory provisions. *Hendrickson v. Secretary of Health and Human Services,* 765 F.2d 747, 750 (8th Cir.) (citing *Grigg v. Finch,* 418 F.2d 661, 664 (6th Cir.1969)), *vacated as moot,* 774 F.2d 1355 (8th Cir.1985). When read in conjunction with section 403(f)(4)(A), a more specific section of the Social Security Act, it is clear that Congress did not intend the absence of a tax return to prove that an individual is retired and therefore entitled to benefits. To the contrary, such a result would encourage the very kind of spurious claims that Congress intended to discourage. *See Hollman,* 696 F.2d at 17. Appel-

lant must comply with section 403(f)(4)(A) to be eligible for benefits.

The regulations implementing section 403(f)(4)(A) require individuals to submit detailed information regarding their trade or business to prove that they are retired. 20 C.F.R. § 404.446(c) (1988). Requirements such as these are a legitimate prerequisite to an applicant's receipt of benefits. *See Schweiker v. Hansen*, 450 U.S. 785, 786, 788, 790, 101 S.Ct. 1468, 1469, 1470, 1471, 67 L.Ed.2d 685 (1981) (regulations requiring written application not impermissible; courts must observe congressional conditions for spending public funds through Social Security Administration programs) (per curiam). Ciccone admittedly did not furnish evidence regarding the nature of his business to the Secretary; this is a sufficient ground for a "determination that the [appellant] rendered substantial services in self-employment" after June 1983, 20 C.F.R. § 404.446(c). Thus, appellant's application was properly denied.

### B. *The Fifth Amendment Claim*

■ Appellant Ciccone's second contention is that the regulations requiring him to state his occupation violate his constitutional right not to incriminate himself. This argument is without merit. It is only when the required information is compelled, testimonial and incriminating that the Fifth Amendment privilege protects an individual's right to refuse to give information. *See Doe v. United States*, — U.S. —, —, 108 S.Ct. 2341, 2345, 101 L.Ed. 2d 184 (1988). Applying for benefits is a voluntary action. It is in no way compelled by the government. In *Selective Service System v. Minnesota Public Interest Research Group*, 468 U.S. 841, 104 S.Ct. 3348, 82 L.Ed.2d 632 (1984), the Supreme Court examined the Military Selective Service Act, which requires males between the ages of eighteen and twenty-six to comply with draft registration laws in order to be eligible for federal financial aid for education. The Court stated that

> a person who has not registered [for the draft] clearly is under no compulsion to seek financial aid [for education]; if he has not registered, he is simply ineligible

for aid. Since a nonregistrant is bound to know that his application for federal aid would be denied, he is in no sense under any "compulsion" to seek that aid. *Id.* at 856–57, 104 S.Ct. at 3357. The situations in *Selective Service* and in the case at bar are analogous. Ciccone was not compelled to file for social security benefits, nor are they a constitutionally protected entitlement, *see United States Railroad Retirement Board v. Fritz*, 449 U.S. 166, 174, 101 S.Ct. 453, 459, 66 L.Ed.2d 368 (1980) ("railroad benefits, like social security benefits, are not contractual and may be altered or even eliminated at any time"); *Califano v. Goldfarb*, 430 U.S. 199, 210, 97 S.Ct. 1021, 1028, 51 L.Ed.2d 270 (1977) (Brennan, J.) (plurality opinion) ("Congress has wide latitude to create classifications that allocate noncontractual benefits under a social welfare program"); *Richardson v. Belcher*, 404 U.S. 78, 80, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971) ("The fact that social security benefits are financed in part by taxes on an employee's wages does not in itself limit the power of Congress to fix the levels of benefits under the Act or the conditions upon which they may be paid."); *Flemming v. Nestor*, 363 U.S. 603, 608–10, 80 S.Ct. 1367, 1371–72, 4 L.Ed.2d 1435 (1960) ("eligibility for benefits ... do[es] not in any true sense depend on contribution to the program through the payment of taxes.... [T]he noncontractual interest of an employee covered by the Act cannot be soundly analogized to that of the holder of an annuity, whose right to benefits is bottomed on his contractual premium payments."); *see also Pineman v. Oechslin*, 637 F.2d 601, 605 (2d Cir.1981) (citing *Flemming*).

Thus, simply because the government provides benefits to those who qualify and who comply with its regulations, does not mean that it must give benefits to all those who apply regardless of their compliance with those regulations. Nor does it mean that one who has relied on the promise of benefits to come is compelled to file for them upon retirement. Mr. Ciccone fails to meet the first test for claiming the protection of the privilege of the Fifth Amendment: his application was not compelled.

18

Because Ciccone was not compelled to file for social security benefits, his situation is distinguishable from those cases where the Supreme Court has hinted that compelled responses to specific questions on certain forms or reports *required* to be filed with the government may be unconstitutional. *See, e.g., Garner v. United States,* 424 U.S. 648, 650, 662 n. 16, 96 S.Ct. 1178, 1180, 1186 n. 16, 47 L.Ed.2d 370 (1976) (Fifth Amendment not defense to failure to file income tax return) (citing *United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927)); *California v. Byers,* 402 U.S. 424, 434 n. 6, 91 S.Ct. 1535, 1541 n. 6, 29 L.Ed.2d 9 (1971) (plurality opinion) (statute requiring drivers involved in accidents to furnish their names and addresses does not violate Fifth Amendment). The Fifth Amendment does not protect appellant from having to reveal the nature of his business in this case.

For the foregoing reasons, we hold that the Secretary properly denied Ciccone's claim and that it did not violate his Fifth Amendment rights to require information concerning the nature of his business before awarding him retirement benefits. We therefore affirm the order of the district court.