**Sidney PRICE, Plaintiff,**

v.

**Shirly S. CHATER,[1] Commissioner of Social Security, Defendant.**

No.  CV 93–0526.

United States District Court, E.D. New York.

July 12, 1995.

---

1.  Pursuant to P.L. No. 103–296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with 106(d) of P.L. No. 103–296, and Fed.R.Civ.P. 25(d)(1), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as defendant in this action.

Sidney Price, North Woodmere, New York, Pro Se.

Zachary W. Carter, United States Attorney by Jorin Rubin, Assistant U.S. Attorney, Brooklyn, New York, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

On October 31, 1990, plaintiff *pro se* in the above-referenced action applied for old age (retirement) insurance benefits under the Social Security Act (the "Act"), indicating that he would retire in 1991. The Social Security Administration (the "SSA") denied plaintiff's application, stating that plaintiff had failed to sufficiently establish that he would retire on January 1, 1991. Plaintiff's request for reconsideration was denied by the SSA in a decision dated May 7, 1991. A hearing was held before an administrative law judge (the "ALJ"), who, by decision dated January 30, 1992, upheld the SSA's determination. The Appeals Council denied plaintiff's request for review of the ALJ's decision.

Presently before the Court are plaintiff's complaint, filed pursuant to Section 205(g) of the Act, 42 U.S.C. § 405(g), seeking review of the final determination of the Secretary of Health and Human Services (the "Secretary") that plaintiff was not entitled to retirement insurance benefits under the Act, and the Commissioner of Social Security's (the "Commissioner") motion, pursuant to Fed. R.Civ.P. 12(c), for judgment on the pleadings.

■ An individual is entitled to retirement benefits if he has reached the age of sixty two, filed for benefits, and is fully insured as defined by the Act. *See* 42 U.S.C. § 414(a). The Act, however, provides an allowable amount of income that a claimant may receive each month to be eligible for maximum benefits. *See* 42 U.S.C. § 403(a). Where a claimant, under the age of seventy, has annu-

al aggregate earnings from self-employment in excess of the allowable amount, the claimant's benefits will be reduced by an "excess earnings" amount. *See id.* § 403(b). Excess earnings will not be charged, however, to any month for which the claimant did not engage in "substantial services in self-employment." *See id.* § 403(f). The claimant has the burden of proving to the Secretary's satisfaction that he has not rendered substantial services in self-employment. *See id.* § 403(f)(4)(A); 20 C.F.R. § 404.446(c). Where the claimant fails to meet this burden, benefits may be denied in full. *See Ciccone v. Secretary of Health and Human Servs.*, 861 F.2d 14, 17 (2d Cir.1988) (citing *Schweiker v. Hansen,* 450 U.S. 785, 786, 788, 790, 101 S.Ct. 1468, 1469–70, 1470–71, 1472, 67 L.Ed.2d 685 (1981)).

■ For 1991, the allowable income amount was $9,720. Plaintiff, who by his own admission operated an accounting practice out of his residence in 1991, insists that he anticipated earning under $10,000 for that year. The SSA determined, initially and on reconsideration, that plaintiff's estimated earnings for 1991 were $40,441 and that plaintiff "would be performing substantial services in self-employment in all months of 1991." Record at 59. The SSA, in an effort to substantiate plaintiff's claim that he expected to earn less than the allowable amount in 1991, asked plaintiff to provide a client list. Plaintiff refused because he felt government inquiries would scare off his clients. He argues that, although the "SSA has statutory authority to inquire," his son, who was primarily in charge of the business in 1991, "has a constitutional right to earn a living in a highly competitive business and in the midst of a recession." Plaintiff's Response, at 2.

Nonetheless, substantial evidence supports the SSA's conclusion that plaintiff earned excess income and was engaged in substantial services in self-employment in 1991. *See* 42 U.S.C. § 405(g) (the factual findings of Secretary are conclusive where supported by "substantial evidence"). Plaintiff made it impossible for the SSA to compute what, if any, benefits to which he was entitled because he withheld necessary information regarding his

84

application. Plaintiff's reason for withholding the information is unpersuasive. *See Ciccone,* 861 F.2d at 17 (dismissing a similar argument because there is no constitutional entitlement to security benefits and "[a]pplying for benefits is a voluntary action"). The Court finds that the SSA properly denied plaintiff's claim.

The Commissioner's motion is granted and plaintiff's complaint is dismissed. The Clerk of the Court is directed to enter judgment affirming the decision of the Secretary.

SO ORDERED.