72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re Christopher M. KOZADINOS, Debtor.
Christopher M. KOZADINOS, Plaintiff-Appellant,
v.
FIRST OF AMERICA BANK, N.A., Defendant-Appellee.
 No. 95-1310.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1995.
 
 1
 Before: BOGGS and DAUGHTREY, Circuit Judges, and McKEAGUE, District Judge.*
 
 ORDER
 
 2
 Christopher M. Kozadinos, proceeding pro se, appeals a district court judgment affirming a bankruptcy court's order granting First of America Bank's motion that Kozadino's residence is not part of his bankruptcy estate. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The factual background is adequately set forth in the district court's opinion and order granting First of America Bank's motion that Kozadinos's residence is not part of his bankruptcy estate and will not be repeated here. Suffice it to say that on January 28, 1994, Kozadinos filed a Chapter 11 bankruptcy proceeding. The effect of this filing was to stay an execution of a Writ of Restitution the following day. On February 14, 1994, First of America Bank filed its "Motion for Determination That Asset Not Part of Estate and as A Result Not Subject to Automatic Stay." Kozadinos objected to that motion, and a hearing was set for March 17, 1994.
 
 
 4
 On March 16, 1994, Kozadinos filed an ex parte motion to adjourn the March 17, 1994, hearing based on a severe bronchial infection. Kozadinos did not appear at the March 17, 1994, hearing. After reviewing Kozadino's motion to adjourn and noting that Kozadino's counsel had appeared to oppose First of America Bank's motion, the bankruptcy judge denied the motion to adjourn.
 
 
 5
 The bankruptcy court determined that the foreclosure sale was not a fraudulent conveyance because a reasonably equivalent value was exchanged. Therefore, the court held that the house could not be brought back into the bankruptcy estate.
 
 
 6
 Kozadinos appealed the bankruptcy court's finding that the house was not part of the bankruptcy estate and argued that he was denied due process when the March 17, 1994, hearing was held without his presence. The district court affirmed the bankruptcy court's decision on March 8, 1995.
 
 
 7
 Initially, we note that First of America Bank filed a suggestion of death which indicates that Kozadinos died on May 30, 1995. While a personal representative has yet to be substituted as a party in this action, we find it appropriate to dispose of Kozadino's claims in this order. See Fed.R.App.P. 43(a); Ciccone v. Secretary of Dep't of Health & Human Servs., 861 F.2d 14, 15 n. 1 (2d Cir.1988).
 
 
 8
 On appeal, this court independently reviews the bankruptcy court's decision. Ciba-Geigy Corp. v. Flo-Lizer, Inc. (In re Flo-Lizer, Inc.), 946 F.2d 1237, 1240 (6th Cir.1991). It reviews the bankruptcy court's findings of fact under the clearly erroneous standard and reviews the bankruptcy court's conclusions of law under the de novo standard. Id.
 
 
 9
 The bankruptcy court properly determined that the foreclosure sale was not a fraudulent conveyance. The case of BFP v. Resolution Trust Corp., 114 S.Ct. 1757 (1994), answers the issue of whether a mortgage foreclosure sale which conforms with state law is deemed to meet the Bankruptcy Code's requirement that transfers of property by debtors within one year prior to filing bankruptcy be in exchange for "reasonably equivalent value." BFP, 114 S.Ct. at 1759. In rejecting circuit court decisions which had equated reasonably equivalent value to fair market value, the Supreme Court reaffirmed the primacy of state law when important state interests are at stake and held that as long as the requirements of the state's foreclosure law are complied with, the amount received at a foreclosure sale is deemed to be "reasonably equivalent value." Id. at 1765. In BFP, a home valued at $725,000 by the debtor sold for $433,000 at the foreclosure sale.
 
 
 10
 In the present case, Kozadinos never challenged the foreclosure process in the state court where a judgment granting possession to First of America Bank was entered. Nor did Kozadinos contest the validity of the foreclosure in the bankruptcy court or in the district court. Thus, under BFP, the sale price of $97,578.94 paid by First of America Bank at the foreclosure sale is the reasonably equivalent value of the house. There was no fraudulent conveyance. Therefore, the bankruptcy court properly determined that the house was not a part of Kozadino's bankruptcy estate.
 
 
 11
 Additionally, as noted by the district court, Kozadinos failed to offer the bankruptcy court and the district court any evidence supporting his claim that the house was worth $385,000. The bankruptcy judge's finding that the foreclosure sale price of $97,578.94 was a reasonably equivalent value is within the range of values on the record. Therefore, even if BFP had not been decided, the factual determination that there was no fraudulent conveyance was not clearly erroneous. See In re Flo-Lizer, Inc., 946 F.2d at 1240.
 
 
 12
 Finally, because the state foreclosure proceedings in this case were valid and unchallenged, the BFP decision precluded the bankruptcy court's consideration of whether Kozadino's house had a reasonably equivalent value of $385,000. Thus, conducting the hearing in Kozadino's absence did not violate his due process rights.
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation