Shaoul **SHABTAI,** Plaintiff–Appellant,

v.

Jo Anne B. **BARNHART,** Commissioner of Social Security, Defendant–Appellee.

**Docket No. 01–6164.**

United States Court of Appeals, Second Circuit.

May 14, 2002.

Michael Joseph J. Barnas, N.Y., NY, for Appellant.

Varuni Nelson, Ass't U.S. Att'y, EDNY, Brooklyn, NY, for Appellee.

Present FEINBERG, KEARSE, and CARDAMONE, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff Shaoul Shabtai appeals from a judgment of the United States District Court for the Eastern District of New York, John Gleeson, *Judge,* remanding to the Social Security Administration for further proceedings with respect to his claim for retirement benefits, including consideration by the administrative law judge ("ALJ") of factors not taken into account in determining the commencement date for Shabtai's entitlement to benefits. Defendant Commissioner of Social Security ("Commissioner") conceded that the ALJ had not properly applied the law to Shabtai's case and requested the remand. The district court, implicitly reversing the ALJ's decision, granted the remand for further proceedings and an adjudication in accordance with correct legal principles. On appeal, Shabtai contends that application of the correct legal principles to the present record requires the conclusion that he retired on July 1, 1994, and thereafter rendered no substantial services to the corporation he had owned, and hence the scope of the remand should be limited to a determination of the amount of retirement benefits to which he is entitled for the period July 1, 1994, to August 10, 1998. We disagree.

The regulations applied by the Commissioner to Shabtai place the burden on an individual who asserts that he did not render substantial services after a given date

to "submit detailed information about the operation of the trades or businesses, including the individual's activities in connection therewith," and, when requested by the Commissioner, to "submit such additional statements, information, and other evidence as the [Commissioner] may consider necessary for a proper determination." 20 C.F.R. § 404.446(c). "Failure of the individual to submit the requested statements, information, and other evidence is a sufficient basis for a determination that the individual rendered substantial services in self-employment during the period in question." *Id.* We have upheld the drawing of such an inference from the applicant's failure to produce information. *See, e.g., Ciccone v. Secretary of the Department of Health and Human Services,* 861 F.2d 14, 17 (2d Cir.1988).

Here, it is indisputable that there are gaps in the factual record. For example, Shabtai contends that he retired in 1994, and he submitted copies of his personal income tax returns for 1993, 1994, 1996, and 1997. But he did not submit such a return for 1995. And although he submitted his corporation's tax return for 1993–94, he did not submit the corporation's returns for 1994–95 or 1995–96. (*See also* Shabtai brief on appeal at 39 (attributing some gaps to documents that were "not due and readied" at the time of his application for benefits).) Shabtai concedes that the ALJ twice requested the pertinent tax returns (Shabtai reply brief on appeal at 6), and that he did not produce them. The ALJ was not required to credit Shabtai's assertion that he had no ability to obtain the relevant corporate tax returns, especially given the fact that Shabtai retained check-signing authority for the corporation into 1998.

We have considered all of Shabtai's contentions on this appeal and have found them to be without merit. The judgment of the district court remanding the matter

for further proceedings before the ALJ is affirmed.